**IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| APRYL MARIE FOGEL, <br><br> Plaintiff, <br><br> v. <br><br> THE NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., <br><br> Defendant. | Case No.: _____ |

**NOTICE OF REMOVAL OF STATE COURT ACTION
TO THE UNITED STATES DISTRICT COURT**

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant, The National Rifle Association of America, Inc. ("NRA" or "Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removes the above-captioned action from the Circuit Court of Virginia, Fairfax County, where the action is pending as Case No.: 2024-12750 (the "State Court Action"), to the United States District Court for the Eastern District of Virginia. For the reasons set forth below, this Court has subject matter jurisdiction.

**I.      Introduction**

1. On September 6, 2024, Plaintiff, Apryl Marie Fogel ("Ms. Fogel" or "Plaintiff"), commenced a civil action by filing a Complaint (the "Complaint") against the NRA in the Circuit Court of Virginia, Fairfax County, entitled *Apryl Marie Fogel v. The National Rifle Association of America, Inc.*, Case No.: 2024-12750, i.e., the State Court Action.

2. The NRA has not yet been served with a copy of the Summons and Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in the State Court

Action that was emailed to the NRA's counsel on September 7, 2024 is attached hereto as **Exhibit A**.

4. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed with removal being effectuated within thirty (30) days after the NRA's counsel's receipt of the Complaint via email.

5. The NRA is removing the State Court Action based on complete diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332(a).

6. Ms. Fogel has *not* served the Complaint and Summons in the State Court Action upon the NRA at the time of removal. As such, the Court has original jurisdiction over the State Court Action. 28 U.S.C. § 1441(b)(2); *accord Androus v. Androus*, No. 1:24-cv-01305-MSN, 2024 U.S. Dist. LEXIS 156854, at *1-16 (E.D. Va. Aug. 30, 2024) (holding that the Court has original jurisdiction under 28 U.S.C. § 1441(a) over removed matters by forum defendants based on diversity prior to being "properly joined and served" pursuant to the "plain text" of 28 U.S.C. § 1441(b)(2)).

7. The NRA has not sought any relief before the Circuit Court of Virginia, Fairfax County.

## II. Grounds for Removal

8. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1441, which states in pertinent part:

> a) **Generally**. - Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> b) **Removal Based on Diversity of Citizenship.—**
>
>> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>>
>> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought.

*Id.* § 1441(a)-(b) (emphasis added).

9. This action is properly removable under 28 U.S.C. § 1441(b) because (1) this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[,]" *Id.* § 1332(a)(1); and (2) Ms. Fogel has not "properly joined and served" the NRA as a defendant in the State Court Action. 28 U.S.C. § 1441(b)(2); *accord Androus*, 2024 U.S. Dist. LEXIS 156854 at *1-16.

10. There is complete diversity of citizenship between Plaintiff and Defendant.

11. Ms. Fogel identifies in the Complaint that she resides in the State of Alabama. Compl. ¶ 1 (identifying that Ms. Fogel "is a resident of Birmingham, Alabama"). From this fact, Ms. Fogel is a citizen of Alabama, where she is domiciled. *See, e.g.*, *Jordan v. Osmun*, No. 1:16-cv-501, 2016 U.S. Dist. LEXIS 135314, at *4-5 (E.D. Va. Sep. 29, 2016) ("For the purposes of the diversity jurisdiction statute, an individual is considered to be a citizen of the state in which they are domiciled—i.e. the state he considers his permanent home.") (citation and internal quotation marks omitted).

12. The NRA is a New York corporation with its principal place of business located in Fairfax County, Virginia. For purposes of diversity jurisdiction, a corporation "is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business." *Goran Glob. Grp., LLC v. Glob. Geeks, Inc.*, No. 4:22-cv-7, 2022 U.S. Dist. LEXIS 237807, at *3 (E.D. Va. June 7, 2022) (citation omitted). Accordingly, the NRA is a citizen of New York and Virginia.

13. As Ms. Fogel is a citizen of Alabama and the NRA is a citizen of both New York and Virginia, diversity exists for purposes of removal.

14. In the Complaint, Ms. Fogel asserts one cause of action against the NRA for retaliation, in violation of Virginia law, and seeks damages in excess of $150,000.00, exclusive of interest and costs. *See* Compl. at 39 (seeking "[a]n award of lost wages and benefits and other renumeration in the amount of $150,000.00"). Accordingly, the amount in controversy exceeds $75,000.00, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

15. The NRA has not been "properly joined and served" in the State Court Action and is, thus, not prohibited from removing the State Court Action to this Court due to its Virginia citizenship. 28 U.S.C. § 1441(b)(2); *accord Androus*, 2024 U.S. Dist. LEXIS 156854 at *1-16.

16. The NRA has not sought any relief before the Circuit Court of Virginia, Fairfax County.

**III. Venue**

17. Removal to this judicial district is proper under 28 U.S.C. § 1441(a), because the State Court Action was originally pending in this judicial district, namely, the Circuit Court of Virginia, Fairfax County.

## NOTICE TO THE CIRCUIT COURT OF VIRGINIA, FAIRFAX COUNTY

18. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice, Defendant is filing a copy of same with the Circuit Court of Virginia, Fairfax County, together with a notice of filing notice of removal. Written notice of the filing of this Notice of Removal will also be served upon Plaintiff.

19. Defendant has effectuated removal, and the Circuit Court of Virginia, Fairfax County shall proceed no further in this action unless and until the case is remanded.

20. Defendant reserves the right to supplement this Notice by adding any jurisdictional defenses which may independently support a basis for removal.

## RESERVATION OF RIGHTS

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to move for dismissal for any reason or to assert any defense, objection, or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense under Federal Rule of Civil Procedure 12 or any state or federal statute which it may be qualified to assert.

WHEREFORE, Defendant respectfully removes the State Court Action that had been pending in the Circuit Court of Virginia, Fairfax County, Case No.: 2024-12750, to the United States District Court for the Eastern District of Virginia (Alexandria Division).

Respectfully Submitted,

**JACKSON LEWIS P.C.**

Dated: September 9, 2024    By:  /s/ *Jeremy S. Schneider*
Jeremy S. Schneider (VA Bar No. 84419)
10701 Parkridge Boulevard, Suite 300
Reston, Virginia 20191
(703) 483-8300 (Tele.)
(703) 483-8301 (Fax)
jeremy.schneider@jacksonlewis.com

*Counsel for Defendant The National Rifle Association of America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2024, a true copy of the within document was served on each party appearing *pro se* and on the attorney of record for each other party separately appearing by delivering a copy of the same via electronic mail and U.S. First Class Mail, postage prepaid, upon:

>Jane E. Lemley, Esq.
>Stephen L. Pettler, Jr., Esq.
>Robert J. Sproul, Esq.
>Harrison & Johnston, PLC
>21 South Loudoun Street
>Winchester, Virginia 22601
>(540) 667-1266 (Tele.)
>(540) 667-1312 (Fax)
>jlemley@harrison-johnston.com
>pettler@harrison-johnston.com
>sproul@harrison-johnston.com
>
>*Counsel for Plaintiff Apryl Marie Fogel*

By: /s/ *Jeremy S. Schneider*
Jeremy S. Schneider (VA Bar No. 84419)
JACKSON LEWIS P.C.
10701 Parkridge Boulevard, Suite 300
Reston, Virginia 20191
(703) 483-8300 (Tele.)
(703) 483-8301 (Fax)
jeremy.schneider@jacksonlewis.com

*Counsel for Defendant The National Rifle Association of America, Inc.*

7